# EXHIBIT 3

## *DISTRIBUTORSHIP AGREEMENT*

*THIS AGREEMENT made as of          day of.*

*between*       **SOFTWARE AG**
               **Uhlandstraße  12**
               **D-6100 Darmstadt**

               *and .*

               **SOFTWARE AG OF NORTH AMERICA, INC.**
               **11190 Sunrise Valley Drive**
               **Reston, Virginia 22091 USA**

               *(hereinafter called "SAG")*

*and*          **PAN AMERICAN COMPUTER SYSTEMS, INC.**
               **150 Broad Hollow Road**
               **Melville, New York 11747 USA**

               *(hereinafter called "PACS")*

### *WITNESSETH, That*

*WHEREAS, SAG is the sole proprietor of certain software packages according to Attachment 1 (being upgraded from time to time), hereinafter referred to as the "SYSTEMS";*
*and*
*WHEREAS, PACS wants to market the SYSTEMS and to provide assistance to users of the SYSTEMS in Argentina, Brazil, Chile, Bolivia, Paraguay and Uruguay, hereinafter called the "TERRITORY".*

*Now therefore, the parties hereto agree as follows:*

_Page 2_

_Paragraph 1_

_SAG appoints PACS the exclusive distributor of SAG in the TERRITORY for the period of January 1, 1992 thru December 31, 1994 with an automatic prolongation of another three years (Jan. 1, 1995 thru Dec. 31, 1997) provided that PACS has fulfilled all conditions during the first three year period._

_The quotas (Paragraph 3) for this prolongation period will be set by Software AG but will not be unreasonably increased_

_Paragraph 2_

_SAG hereby authorizes PACS to enter into customer agreements in the TERRITORY for licensing, installing, technical assistance, training and maintenance of the SYSTEMS._

_However, PACS is only authorized to give single, non-transferable use-licenses for SYSTEMS to customers. Giving any form of sublicense or distribution rights like direct or indirect OEM arrangements to a "contract partner" needs the written consent of SAG._

_Contracts for installations of the SYSTEMS outside the TERRITORY need the prior written approval of SAG._

_Paragraph 3_

_Upon the execution by PACS of perpetual or time-limited license and/or maintenance agreements for SYSTEMS in the TERRITORY, PACS agrees to pay SAG a percentage of the license and/or maintenance fees in the form of a quarterly minimum lump sum payment according to the following schedule:_

_Commencing January 1, 1992 on each January 1, April 1, July 1 and October 1 thereafter during the term of this agreement, PACS will pay the following:_

_a)    Each quarter of 1992, the sum of US$ 590,000_
_b)    Each quarter of 1993, the sum of US$ 640,000_
_c)    Each quarter of 1994, the sum of US$ 700,000_

_For each calendar year commencing Jan. 1, 1993 the following rule applies: If the new perpetual and time-limited licenses in the TERRITORY computed as license fees in the US-pricelist times 25 percent exceed the above mentioned corresponding lump sum for the year, PACS should pay the corresponding difference together with the next quarterly lump sum payment._

<u>Page 3</u>

*The above payments will be made within 10 (ten) days prior to the commencement of each of the above quarters.*

*Any quarterly payment not received within the due date period above mentioned, shall bear interest at a rate of 3 % p.a. above the prime commercial rate of Citibank existing at that time.*

**Paragraph 4**

*SAG agrees to provide the following services to PACS:*

1.  *Training in public classes held by SAG for PACS staff (up to 5 persons) how to use the SYSTEMS in public classes held by SAG;*

2.  *latest version of the SYSTEMS stored on magnetic tape;*

3.  *complete set of SYSTEMS documentation in English, including Reference Manual and Utilities Manual (one copy for each user);*

4.  *prompt correction of any errors in the SYSTEMS detected at a user's site and forwarded to SAG.*

**Paragraph 5**

(1)  *PACS agrees to take all necessary and reasonable measures to ensure that the proprietary nature and integrity of the SYSTEMS are safeguarded against unauthorized use, duplication or modification.*

*PACS has the right to reproduce and, as necessary, translate SYSTEMS documentation, Manuals, etc. for use in the TERRITORY.   Written material used by PACS for marketing or support to users of the SYSTEMS will refer to authorship of SAG and will show copyright and trademark of SAG.*

*PACS acknowledges the SYSTEMS and all documentation or information as a trade secret of SAG and undertakes to oblige also its own personnel to protect the SYSTEMS as well as their copyrights and trademarks and to prevent it from unauthorized use.*

(2)  *PACS agrees to refrain from implementing, or permitting the implementation of any modification to the SYSTEMS without the written approval of SAG.*

<u>*Page 4*</u>

(3)   *PACS agrees to refrain from installing the SYSTEMS at a user's site without having obtained a written agreement from the user calling for safeguarding of the proprietary nature of the SYSTEMS. Such written agreement must be either a right of use agreement, or a non-disclosure agreement for demonstration.*

(4)   *PACS agrees to make all reasonable efforts to successfully market the SYSTEMS in the TERRITORY.*

(5)   *PACS agrees to provide written quarterly reports concerning all contracts to include products, kind of computer, operating system, customer name and address, and duration of license, no later than 4 weeks after the end of a calendar month.*

*For the purpose of good cooperation, planning, development and strategies, PACS will also on some periodic basis deliver some information about the market place, its needs and specialties.*

(6)   *PACS agrees to be responsible for all technical assistance and support activities in the TERRITORY including maintenance services for both present and future users. This obligation of PACS will continue until termination of this agreement including any extension thereof.*

(7)   *PACS will be responsible for supplying SAG with all pertinent information concerning any software errors and will forward promptly all documentation along to SAG with an explanation of the circumstances causing the problem and SAG will correct any errors in the SYSTEMS.*

(8)   *In no case shall SAG be held liable by PACS or any of PACS customers in this TERRITORY for any damages, direct or consequential, derived from the use of the SYSTEMS. PACS shall include a corresponding clause in its license agreements which makes sure that SAG cannot be held liable in this above sense by a customer.*

(9)   *SAG shall not be held liable for any taxes arising out of the activities of PACS, like sales tax, income tax, import tax, value added tax or alike.*

(10)   *PACS shall abide by all U.S. Export Administration Regulations which may apply to the SYSTEMS and their exportation and/or re-exportation.*

*Paragraph 6*

*None of the parties hereto shall be entitled to assign this contract without prior written consent of the other party.*

*Page 5*

*Paragraph 7*

*SAG reserves the right to terminate this Agreement should PACS fail to perform any of the stated conditions of this Agreement.*

*Before any such termination shall become effective, SAG shall give written notice to PACS describing in detail what conditions PACS has failed to perform, and PACS shall have 60 (sixty) days in which to perform such conditions.*

*Paragraph 8*

*All legal notices hereunder shall be in writing and shall be deemed properly delivered and effective when duly sent by Certified Mail, Postage Prepaid, telex or cable, or delivered by hand:*

*to PACS at:*

> *PAN AMERICAN COMPUTER SYSTEMS, INC.*
> *150 Broad Hollow Road*
> *Melville, New York 11747*
> *U.S.A.*
> *(attention: Mr. Natalio S. Fridman)*

*to CONSIST at:*

> *CONSIST CONSULTORIA, SISTEMAS E REPRES. LTDA.*
> *Alameda Jau, 1 177 01420 Sao Paulo - SP*
> *Brazil*
> *(attention: Mr. Natalio S. Fridman)*

*and to SAG at:*

> *SOFTWARE AG*
> *Uhlandstraße 12*
> *6100   Darmstadt*
> *W. Germany*
> *(attention: Mr. Peter Schnell)*

*or to such other address as the receiving party may by written notice designate to the other.*

*All operational correspondence (technical assistance, sales and marketing support) will be directed to:*

> *SOFTWARE AG OF NORTH AMERICA, INC.*
> *11190 Sunrise Valley Drive*
> *Reston, Virginia 22091*
> *U.S.A.*
> *(attention: Mr. Philippe Kuperman)*

*Page 6*

*All quarterly reports will be directed to the above address and to:*

> *SOFTWARE AG*
> *Uhlandstraße 12*
> *6100   Darmstadt*
> *W.Germany*
> *(attention: Mr. P. Schnell)*

*Paragraph 9*

*Should the US-Dollar be introduced in Brazil as a parallel or only local currency or the government institute a change in the economic policy which de facto produces the same effect and thus permit the system software business in Brazil to be conducted similar to other countries (like Europe, North America, Australia etc.), the terms of this contract have to be renegotiated. If the negotiations fail (written notice from one side) the contract will expire automatically 12 months thereafter.*

*Paragraph 10*

*PACS and Mr. Natalio S. Fridman and CONSIST-CONSULTORIA, SISTEMAS E REPRESENTACOES LTDA., warrant fulfillment of PACS obligations.*

*In the event of Mr. Natalio Fridman losing control of CONSIST and/or PACS due to incapacity or change in ownership this agreement must be re-negotiated upon notice to PACS. If the negotiations fail (written notice from one side) the contract will expire automatically 12 months thereafter.*

*Paragraph 11*

*This Agreement, including Attachments, constitutes the entire agreement between the parties and supersedes all previous communications, representations or agreements, either written or oral, with respect to the subject matter hereof.*

*Paragraph 12*

*This contract shall be subject to and interpreted in accordance with German Law. SAG agrees to defend or at its option to settle any claim, suit or proceeding brought against PACS from third parties and to indemnify PACS against any costs derived from claims of infringement of any patent or copyright of the SYSTEMS provided.*

_Page 7_

_Paragraph 12 (Cont.)_

_PACS notifies SAG within a week in writing of any such claim, suit or proceeding and gives SAG full information and assistance to settle and/or defend.  SAG shall not be liable for any defense costs or expenses, exclusive of any judicial and administrative awards, incurred without SAG's written authorization._

_PACS agrees to indemnify SAG from any liability that may have been generated because PACS either overstated the performance of any part of SYSTEM or failed to handle properly._

_END OF PAGE 7_

Page 8

Agreement Accepted:

SOFTWARE AG

By _____
   Authorized Signature

Name Typed _Peter Schnell_

Title _Vorstand_

Date _6 – Dec 1991_


SOFTWARE AG
OF NORTH AMERICA, INC.

By _____
   Authorized Signature

Name Typed _Philippe Kuperman_

Date _Nov. 27, 1991_


Agreement Accepted:

PAN AMERICAN COMPUTER
SYSTEMS, INC.

By _____
   Authorized Signature

Name Typed _Natalio S. Fridman_

Title _President_

Date _Nov 27, 1991_


MR. NATALIO FRIDMAN AND
CONSIST-CONSULTORIA, SISTEMAS
E PEPRESENTACOES, LTDA.

By _____
   Authorized Signature

Name Typed _Natalio S. Fridman_

Date _Nov 27, 1991_


MR. NATALIO S. FRIDMAN
INDIVIDUALLY

_____

Name Typed _Natalio S. Fridman_

Title _____

Date _Nov 27, 1991_

FROM : CONSIST INT'L          TEL: 212 751 3643          SEF  7. 1994  10:36 AM  P11

## *ATTACHMENT 1*

*List of products officially released as of ~~September 1,~~ November 27 1991 according to the following US price list:*