James David Jacobs
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4100
FAX: (212) 310-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC., <br><br>                    Plaintiff, <br><br> -against- <br><br> SOFTWARE AG, INC. and SOFTWARE AG, <br><br>                    Defendants; <br><br> SOFTWARE AG, INC., <br><br>                    Counter-Plaintiff <br><br> -against- <br><br> CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. <br><br>                    Counter-Defendant | Case No. 07-7047 (CM)(FM) <br><br><br> DEFENDANTS SOFTWARE AG, INC. AND SOFTWARE AG'S ANSWER AND COUNTERCLAIMS |

Defendants Software AG, Inc. ("SAGA") and Software AG ("SAG") answer Plaintiff's Complaint as follows:

1. Object to paragraph 1 of the Complaint as violating the requirements of Fed. R. Civ. P. 8 (a) and (e)(1), and accordingly deny.

2. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 2.

3. Admit.

4. Deny each and every allegation of paragraph 3 except admit that SAG is the parent corporation of SAGA, and that SAG is a foreign corporation with headquarters in Darmstadt, Germany.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5.

6. Deny each and every allegation of paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

10. Deny each and every allegation of paragraph 10 except admit that the Agreement attached as Exhibit 1 is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

11. Deny each and every allegation of paragraph 11 except admit that the Agreement attached as Exhibit 1 is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

12. Deny each and every allegation of paragraph 12 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

13. Deny each and every allegation of paragraph 13 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

14. Deny each and every allegation of paragraph 14 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

15. Deny each and every allegation of paragraph 15 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

16. Deny each and every allegation of paragraph 16 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

17. Deny each and every allegation of paragraph 17 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

18. Deny each and every allegation of paragraph 18 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

19. Deny each and every allegation of paragraph 19 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

20. Deny each and every allegation of paragraph 20 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and

NYCDMS/1055366.6

refer to that Agreement for its terms.

21. Deny each and every allegation of paragraph 21.

22. Deny each and every allegation of paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23.

24. Deny each and every allegation of paragraph 24.

25. Deny each and every allegation of paragraph 25.

26. Deny each and every allegation of paragraph 26 except admit that the Agreement attached as Exhibit 1 to the Complaint is the Agreement between the SAGA and Consist, and refer to that Agreement for its terms.

27. Deny each and every allegation of paragraph 27.

28. Deny each and every allegation of paragraph 28.

29. Deny each and every allegation of paragraph 29 except admit that SAG and SAGA sent notices of termination on or about March 30, 2006 and April 6, 2006, respectively, and refer to those notices for their terms.

30. Deny each and every allegation of paragraph 30 except admit that SAG sent the referenced July 4, 2006 e-mail, and refer to the e-mail for its terms.

31. Deny each and every allegation of paragraph 31 except admit that SAG sent the referenced July 4, 2006 e-mail, and refer to the e-mail for its terms.

32. Deny each and every allegation of paragraph 32 except admit that Duane Morris sent the referenced July 28, 2006 letter, and refer to the letter for its terms.

33. Deny each and every allegation of paragraph 33 except admit that Duane Morris sent the referenced August 11, 2006 letter, and refer to the letter for its terms.

NYCDMS/1055366.6

34. Deny each and every allegation of paragraph 34 except admit that Baker & McKenzie LLP, attorneys for SOFTWARE AG, sent the letter annexed to the Complaint as Exhibit 8, and refer to the August 16, 2006 letter for its terms.

35. Deny each and every allegation of paragraph 35 except admit that Baker & McKenzie LLP, attorneys for SOFTWARE AG, sent the letter annexed to the Complaint as Exhibit 8, and refer to the August 16, 2006 letter for its terms.

36. Object to paragraph 36 of the Complaint as violating the requirements of Fed. R. Civ. P. 8 (a) and (e)(1), and accordingly deny.

37. Deny each and every allegation of paragraph 37 except refer to the September 11, 2006 letter for its terms.

38. Deny each and every allegation of paragraph 38 except refer to the July 4 e-mail and Agreement for their terms.

39. Deny each and every allegation of paragraph 39 except refer to the Agreement for its terms.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40.

41. Object to paragraph 41 of the Complaint as violating the requirements of Fed. R. Civ. P. 8 (a) and (e)(1), and accordingly deny.

42. Deny each and every allegation of paragraph 42 except refer to the presentation for its terms.

43. Deny each and every allegation of paragraph 43.

44. Deny each and every allegation of paragraph 44.

45. Deny each and every allegation of paragraph 45.

46. Deny each and every allegation of paragraph 46

47. Deny each and every allegation of paragraph 47.

48. Deny each and every allegation of paragraph 48.

49. Deny each and every allegation of paragraph 49 except refer to the September 30, 2005 letter for the contents thereof.

50. Deny each and every allegation of paragraph 50 except refer to the May 19, 2006 press release for its terms.

51. Deny each and every allegation of paragraph 51 except refer to Software AG's website for its contents.

52. Deny each and every allegation of paragraph 52 except refer to Software AG Chile's website for its contents.

53. Deny each and every allegation of paragraph 53.

54. Deny each and every allegation of paragraph 54.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57.

58. Deny each and every allegation of paragraph 58.

59. Deny each and every allegation of paragraph 59.

60. Deny each and every allegation of paragraph 60.

61. Defendants incorporate by reference as if set forth fully each of the foregoing

responses.

62. Deny each and every allegation of paragraph 62.

63. Deny each and every allegation of paragraph 63.

64. Deny each and every allegation of paragraph 64.

65. Deny each and every allegation of paragraph 65.

66. Deny each and every allegation of paragraph 66 except refer to the Agreement for its terms.

67. Deny each and every allegation of paragraph 67.

68. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

69. Deny each and every allegation of paragraph 69.

70. Deny each and every allegation of paragraph 70.

71. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

72. Deny each and every allegation of paragraph 72.

73. Deny each and every allegation of paragraph 73.

74. Deny each and every allegation of paragraph 74.

75. Deny each and every allegation of paragraph 75.

76. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

77. Admit.

78. Deny each and every allegation of paragraph 78.

79. Deny each and every allegation of paragraph 79.

80. Deny each and every allegation of paragraph 80.

81. Deny each and every allegation of paragraph 81.

82. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

83. Deny each and every allegation of paragraph 83 except refer to the July 4 e-mail for its terms.

84. Deny each and every allegation of paragraph 84 except admit that SAGA has the right to terminate the Agreement because of Consist's failure to cure material breaches of the Agreement, including those in the July 4 e-mail.

85. Deny each and every allegation of paragraph 85 except refer to Exhibit 8 to the Complaint for its contents.

86. Deny each and every allegation of paragraph 86 except admit that SAGA has the right to terminate the Agreement because of Consist's failure to cure material breaches of the Agreement, including those in the August 16 letter.

87. Deny each and every allegation of paragraph 87 except admit that at the time of the filing of the Complaint, without waiver of any other rights, SAGA had agreed to extend the effective date of termination to August 31, 2007.

88. Deny each and every allegation of paragraph 87 except refer to the documents for their contents.

89. Deny each and every allegation of paragraph 89.

90. Deny each and every allegation of paragraph 90.

91. Deny each and every allegation of paragraph 91.

92. Deny each and every allegation of paragraph 92.

93. Deny each and every allegation of paragraph 93.

94. Deny each and every allegation of paragraph 94.

95. Deny each and every allegation of paragraph 95.

96. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

97. Deny each and every allegation of paragraph 97.

98. Deny each and every allegation of paragraph 98.

99. Deny each and every allegation of paragraph 99.

100. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

101. Deny each and every allegation of paragraph 101.

102. Deny each and every allegation of paragraph 102.

103. Deny each and every allegation of paragraph 103.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 104.

105. Deny each and every allegation of paragraph 105.

106. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

107. Deny each and every allegation of paragraph 107.

108. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

109. Deny each and every allegation of paragraph 109.

110. Deny each and every allegation of paragraph 110.

111. Deny each and every allegation of paragraph 111.

112. Deny each and every allegation of paragraph 112.

113. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

114. Admit.

115. Deny each and every allegation of paragraph 115.

116. Deny each and every allegation of paragraph 116.

117. Deny each and every allegation of paragraph 117.

118. Defendants incorporate by reference as if set forth fully each of the foregoing responses.

119. Deny each and every allegation of paragraph 119.

120. Deny each and every allegation of paragraph 120.

121. Deny each and every allegation of paragraph 121.

## AFFIRMATIVE DEFENSES

122. CONSIST's claims are barred, in whole or in part, by limitations.

123. CONSIST's claims are barred, in whole or in part, by estoppel.

124. CONSIST's claims are barred, in whole or in part, by laches.

125. CONSIST's claims are barred, in whole or in part, by waiver.

126. CONSIST's claims are barred, in whole or in part, by failure to mitigate damages.

127. CONSIST's claims are barred, in whole or in part, by CONSIST's prior breaches of the Agreement.

128. CONSIST's claims are barred, in whole or in part, by CONSIST'S failure to perform or tender performance.

## COUNTERCLAIMS

129. SAGA is incorporated in Virginia and has its principal place of business in Virginia, and is therefore a citizen of Virginia.

130. Consist claims that it is incorporated in Delaware and has its principal place of business in Delaware, and is therefore a citizen of Delaware.

131. SAG is incoporated in Germany and has its principal place of business in Germany, and is therefore a citizen of Germany.

132. The amount in controversy in SAGA's counterclaims, exclusive of interest and costs, exceeds $75,000.  This Court has jurisdiction over SAGA's counterclaims pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367 and Fed. R. Civ. P. 13.

133. Counter-defendant Consist resides within this District for purposes of 28 U.S.C. § 1391.  Venue is proper under 28 U.S.C. § 1391 and Fed. R. Civ. P. 13.

### I.   Breach of Contract

134. SAGA and Consist Software Solutions, Inc. f/k/a Consist International Inc. ("Consist") are parties to the Agreement attached to Consist's Complaint as Exhibit 1.

135. Consist breached the Agreement by failing to take all necessary and reasonable measures to ensure that the SYSTEMS are safeguarded against unauthorized use, duplication or modification as required by Paragraph 5(1) of the Agreement.

136. Consist breached the Agreement by failing to show authorship, copyright and trademark of SAGA in written materials for marketing or support of the SYSTEMS as required by Paragraph 5(1) of the Agreement.

137. Consist breached the Agreement by failing to protect the SYSTEMS as well as their copyrights and trademarks from unauthorized use as required by Paragraph 5(1) of the

Agreement.

138. Consist breached the Agreement by failing to make all reasonable efforts to market the SYSTEMS throughout the TERRITORY as required by Paragraph 5(3) of the Agreement.

139. Consist breached the Agreement by failing to make all reasonable efforts to market Special Products as required by Paragraph 5(3) of the Agreement.

140. Consist breached the Agreement by failing to provide written quarterly reports of all installations and de-installations of Special Products as required by Paragraph 5(3) of the Agreement.

141. Consist breached the Agreement by failing to provide satisfactory technical assistance and support in the TERRITORY for customers of SAGA products as required by Paragraph 5(4) of the Agreement.

142. Consist breached the Agreement by acting as a distributor, agent, reseller or marketing representative for system software products that compete with SAGA without SAGA's approval in violation of Paragraph 5(11) of the Agreement.

143. Consist's breaches of the Agreement have caused monetary damages to SAGA in an amount to be determined at trial.

**II.     Declaratory Judgment – Termination at End of Term**

144. SAGA incorporates by reference as if set forth fully the allegations in the foregoing paragraphs of its Counterclaims.

145. Paragraph 1 of the Agreement permits either party to prevent renewal of the Agreement at the end of any term by providing at least 18 months' notice.

146. All conditions precedent to SAGA's non-renewal of the Agreement were

performed or occurred.

147. SAGA provided more than 18 months' notice of its election not to renew the Agreement at the end of the term ending December 31, 2007, specifically including its April 6, 2006 notice to Consist.

148. Consist alleges that SAGA's notice of its election not to renew did not comply with the requirements of the Agreement.

149. There is an actual controversy between SAGA and Consist regarding the non-renewal of the Agreement.

150. SAGA is entitled to a declaration that the Agreement does not renew, but instead is terminated as of December 31, 2007.

### III.    Declaratory Judgment – Termination for Cause

151. SAGA incorporates by reference as if set forth fully the allegations in the foregoing paragraphs of its Counterclaims.

152. Consist materially breached the Agreement.

153. SAGA provided notice to Consist of Consist's material breaches of the Agreement as required by Paragraph 7 of the Agreement.

154. Consist failed to cure its material breaches of the Agreement within 60 days, as required by Paragraph 7 of the Agreement.

155. All conditions precedent to SAGA's termination under Paragraph 7 were performed or occurred.

156. Consist denies that it materially breached the Agreement or that SAGA gave proper notice thereof.

157. There is an actual controversy regarding SAGA's ability to terminate the

Agreement under Paragraph 7.

158.   SAGA is entitled to a declaration that the Agreement is terminated due to Consist's material breaches.

## PRAYER FOR RELIEF

WHEREFORE, Software AG, Inc. and Software AG pray for relief as follows:

a.   that all Consist's claims for relief, monetary, injunctive and declaratory, be denied, that Consist take nothing by its claims, and that judgment be entered in Software AG, Inc. and Software AG's favor on all counts.

b.   that judgment be entered in favor of SAGA and against Consist on SAGA's counterclaims;

c.   damages be awarded in favor of SAGA in an amount to be proven at trial;

d.   declaratory relief be awarded in favor of SAGA and against Consist that the Agreement is terminated under Paragraph 1 effective December 31, 2007;

e.   declaratory relief be awarded in favor of SAGA and against Consist that the Agreement is terminated due to Consist's breaches;

f.   pre-judgment interest as allowed by law;

g.   post-judgment interest as allowed by law;

h.   attorneys' fees and costs of court; and

i.   such other relief as this Court may deem just and proper.

Dated: New York, New York
      September 21, 2007

BAKER & McKENZIE LLP

By: __/s James David Jacobs__
    James David Jacobs
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 626-4100

    Attorneys for Defendant/Counter-Plaintiff Software AG, Inc. and Defendant Software AG

-15-