UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC., <br><br>                  Plaintiff,<br><br>    -against-<br><br>SOFTWARE AG, INC. and SOFTWARE AG,<br><br>                  Defendants;<br><br>SOFTWARE AG, INC.,<br><br>                  Counter-Plaintiff<br><br>    -against-<br><br>CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC.<br><br>                  Counter-Defendant | Case No. 07-7047 (CM)(FM) |

**DEFENDANTS SOFTWARE AG, INC. AND SOFTWARE AG'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION
OF SEPTEMBER 26, 2007 SCHEDULING ORDER**

 

James David Jacobs
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4100
FAX: (212) 310-1600

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

FACTS .................................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    A. Parol Evidence Cannot Vary A Provision That New York Law Provides .................. 2

    B. Extrinsic Evidence Cannot Be Used to Create Ambiguity ........................................... 4

CONCLUSION ....................................................................................................................... 5

## TABLE OF AUTHORITIES

### CASES

*Apex Pool Equip. Corp. v. Lee,* 419 F.2d 556, 562 (2d Cir. 1969) ............................................. 3

*Dolman v. United States Trust Company of New York*, 2 N.Y.2d 110, 116, 157
    N.Y.S.2d 537, 541-42 (1956) ................................................................................................ 2

*ESPN, Inc. v. Office of the Comm'r of Baseball*, 76 F.Supp.2d 383, 387-88
    (S.D.N.Y. 1999) ..................................................................................................................... 3

*Farmers and Merchants Bank of Monroe v. Federal Reserve Bank of Richmond*,
    262 U.S. 649, 660, 43 S.Ct. 651, 655 (1923) ....................................................................... 2

*Feifer v. Prudential Insurance Co.*, 306 F.3d 1202, 1210 (2d Cir. 2002) ................................... 3

*Hugo Boss Fashions Inc. v. Fed. Ins. Co.,* 252 F.3d 608 (2d Cir. 2001) ............................... 3, 4

*Ronnen v. Ajax Elec. Motor Corp.*, 88 N.Y.2d 582, 589 (1996) ................................................ 3

*Sinco, Inc. v. Metro-North Commuter R.R. Co.*, 133 F.Supp.2d 308, 311
    (S.D.N.Y. 2001) ..................................................................................................................... 3

*South Rd. Assoc., LLC v. IBM Corp.*, 4 N.Y. 3d 272, 278, 739 N.Y.S.2d 835, 838
    (2005) ..................................................................................................................................... 5

*W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443
    (1990) ................................................................................................................................. 3, 5

**Introduction**

Defendants Software AG, Inc. ("SAGA") and Software AG ("SAG")(collectively "SOFTWARE AG") move for reconsideration of the Court's Scheduling Order dated September 26, 2007 (the "Order") construing the agreement between SAGA and Consist Software Solutions, Inc. ("Consist") as ambiguous.  In its decision of September 27, 2007 this Court misapprehended the law of New York state to allow parol evidence (i) to vary provisions incorporated by law into contract and (ii) create an ambiguity in a written contract.

**Facts**

After reading a joint letter of the parties to the Court, dated August 31, 2007, and hearing the parties orally on September 5, 2007, the Court suggested to the parties to submit 5 page briefs in support of their respective interpretations of the Distributorship Agreement effective January 1, 1998.  SOFTWARE AG argued that the contract was unambiguous and that paragraphs 1 and 7, the two paragraphs in dispute, should be read independently to provide independent methods to terminate the contract.  On the other hand Consist contended that those two paragraphs should be read together.

In its decision the Court noted that "paragraph [1] is simple and straightforward".  It found that the "parties agreed that their relationship would last for ten years … and would renew automatically unless either party gave a generous advance notice – 18 months – that it no longer wished to continue the arrangement."

The Court then considered paragraph 7.  Although that paragraph did not include an express provision to terminate the contract for cause, the Court recognized that New York law provides that provision.  The Court noted that "Paragraph 7, read in concert with the governing law, creates a right of termination for material breaches of the agreement at any time during its terms, but compels giving the allegedly defaulting party an opportunity to cure its breach."

In sum, the Court found nothing ambiguous in paragraphs 1 and 7, alone or in combination. Nevertheless, the Court then examined parol evidence that Consist offered. Consist pointed out that predecessor contracts expressly incorporated a right to terminate. Apparently the Distributorship Agreement's omission of that express clause created an ambiguity that prevented the Court from adopting Software AG's interpretation. The Court stated:

> I am troubled by the fact that the first sentence of Paragraph 7 that appeared in prior contracts between the parties was dropped …. I cannot construe the contract until I hear evidence about how this sentence came to be dropped ….

**Argument**

As the Court recognized, with due consideration for incorporation of New York law, the Distributorship Agreement unambiguously permits termination for uncured material breach at any time upon 60 days' notice. However, the Court misapprehended New York law and made two independent errors of law: that parol evidence can vary a contractual provision that New York law incorporates into every contract and that parol evidence can create an ambiguity where, in the absence of that parol evidence, no ambiguity exists.

A.   **Parol Evidence Cannot Vary A Provision That New York Law Provides**

New York has long held that the law in effect at the time of entering a contract is incorporated into the contract. "[U]nless a contract provides otherwise, the law in force at the time the agreement is entered into becomes as much a part of the agreement as though it were expressed or referred to therein." *Dolman v. United States Trust Company of New York*, 2 N.Y.2d 110, 116, 157 N.Y.S.2d 537, 541-42 (1956). "Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms." *Farmers and Merchants Bank of Monroe v. Federal Reserve Bank of Richmond*, 262 U.S. 649, 660, 43 S.Ct.

651, 655 (1923).  See also *Stahlex-Interhandel Trustee v. Western Union Fin. Servs. Eastern Europe Ltd.*, 279 F.Supp.2d 221, 226 (S.D.N.Y. 2003); *Ronnen v. Ajax Elec. Motor Corp.*, 88 N.Y.2d 582, 589 (1996).

New York law permits an aggrieved party to terminate a contract for material breach if the breaching party fails to cure.  *See Sinco, Inc. v. Metro-North Commuter R.R. Co.*, 133 F.Supp.2d 308, 311 (S.D.N.Y. 2001).  Such a right to terminate based on another's breach was well-established in New York before the parties entered the Agreement.  *See Apex Pool Equip. Corp. v. Lee,* 419 F.2d 556, 562 (2d Cir. 1969).  *See also ESPN, Inc. v. Office of the Comm'r of Baseball*, 76 F.Supp.2d 383, 387-88 (S.D.N.Y. 1999).  Indeed, this Court expressly recognized that New York law provides for a right to terminate.  Order, p. 2.

New York law is equally clear that parol evidence cannot vary an express term of an agreement.  *W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990)("Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing"); see also *Feifer v. Prudential Insurance Co.*, 306 F.3d 1202, 1210 (2d Cir. 2002).

New York law similarly protects provisions in a contract incorporated by law.  *Hugo Boss Fashions Inc. v. Fed. Ins. Co.,* 252 F.3d 608 (2d Cir. 2001)*,* well illustrates this principle.  In *Hugo Boss*, the district Court awarded partial summary judgment in favor of Boss, finding that Boss was entitled to coverage under its policy with Federal for a lawsuit arising out of its use of the term "BOSS" under the "trademarked slogan" exception carved out of an intellectual property exclusion under the policy.  The Second Circuit reversed the district Court.  *Hugo Boss, supra*, 252 F.2d at 610-11.

The policy did not contain a definition of "trademarked slogan."  Boss argued that the term was ambiguous.  *Id.*  at 616.  The Second Circuit stated "the fact that the language of the

contract itself does not specify the meaning of a disputed term does not entail that an ambiguity ... exists.  For it is quite possible that even where a contract does not define a particular – and potentially ambiguous – term, a body of state law or an established custom fills the gaps left by the drafters." *Id.* at 617.  The court continued that the law provided "a default rule, and that definition will control unless the parties *explicitly* indicate, on the face of their agreement, that the term is to have some other meaning." *Id.* at 617-18 (emphasis added).  The Second Circuit examined state and federal law and determined that federal case law provided a sufficiently clear definition of "trademarked slogan" to render the contract unambiguous.  *Id.* at 618-20.

In this case the rules of construction set forth in *Hugo Boss* lead to an unambiguous interpretation of the Agreement.  Paragraph 7 does not explicitly disclaim New York law permitting termination of the Agreement at any time for uncured material breach.  Thus, it must be read in harmony with New York law that is incorporated into the Agreement not only by operation of law, but explicitly by Paragraph 10, which specifies application of New York law.  Properly read Paragraph 7 is unambiguous; it permits termination for uncured material breach, and qualifies New York law only in that it specifies notice provisions and the exact length of the period allowed for cure.

Accordingly, the text of the Distributorship Agreement must be read to incorporate New York law and the Court erred in granting a hearing to determine whether Paragraph 7 contains a right to terminate for a material breach.

**B.     Extrinsic Evidence Cannot Be Used to Create Ambiguity**

New York law is also clear that evidence extrinsic to a contract may not be considered in determining ambiguity and may not be used to create ambiguity.  "Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous.  Further, extrinsic and parol evidence is not admissible to create

an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." *South Rd. Assoc., LLC v. IBM Corp.*, 4 N.Y. 3d 272, 278, 739 N.Y.S.2d 835, 838 (2005)(citations and quotation marks omitted). *See also W.W.W. Assocs., supra,* 77 N.Y.2d at 162, 565 N.Y.S.2d at 443 ("Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing"). The Court relied upon Consist's extrinsic evidence to create ambiguity in the Agreement. "I am troubled by the fact that the first sentence of Paragraph 7 that appeared in prior contracts between the parties was dropped from the most recent version of the Distributorship Agreement. I cannot construe the contract until I can hear evidence about how this sentence came to be dropped from the 1997 Agreement." Order, p. 3. SOFTWARE AG respectfully requests that the Court reconsider its conclusion regarding ambiguity by reference only to the four corners of the Agreement and the law in force that was incorporated into the Agreement.

**Conclusion**

SOFTWARE AG respectfully requests that the Court reconsider its conclusion that the Agreement is ambiguous.

Dated: New York, New York
      October 2, 2007       BAKER & McKENZIE LLP

By: __/s James David Jacobs__
James David Jacobs
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4100

Attorneys for Defendant/Counter-Plaintiff Software AG, Inc. and Defendant Software AG