UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x

CONSIST SOFTWARE SOLUTIONS, INC.,

        Plaintiff - Counterclaim Defendant,

-against-                              07 Civ. 7047 (CM)(FM)

SOFTWARE AG, INC., and SOFTWARE AG,

        Defendants - Counterclaim Plaintiffs.

―――――――――――――――――――――――x

[USDS SDNY / DOCUMENT ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 10/5/07]

MEMORANDUM ORDER DENYING REQUEST FOR RECONSIDERATION
AND RESPONDING TO SUGGESTION THAT DISCOVERY CANNOT BE
COMPLETED IN TIME FOR A DECEMBER 12 TRIAL ON THE MERITS

McMahon, J.:

    I have received a motion for reconsideration of my September 26, 2007 scheduling order from counsel for Defendants.

    The motion is denied. Defendants have misread my September 26 order. I do in fact find that Paragraph 7 is ambiguous. In fact, given paragraph 1, paragraph 7 make very little sense at all, without regard to any parol evidence. The parol evidence that I have thus far seen does not create the ambiguity; however, it may well explain the ambiguity.

    I also have a letter from defendants' counsel, asking that I limit myself at our December 12 (note change in date) encounter to a hearing on a motion for a *preliminary* injunction, rather than consolidating the prayers for preliminary and permanent injunctive relief, as I customarily do. The reason defendants assign for this request is the extensive discovery that apparently cannot be completed by the assigned trial date.

    The first issue that requires extensive discovery, according to defendants, is the issue of irreparable harm. However, the plaintiff will have to establish irreparable harm in order to obtain even a PRELIMINARY injunction (or else demonstrate that the balance of hardship tips decidedly in its favor), so I am puzzled by the suggestion that the parties would not have to conduct discovery on this issue in advance of December. It may well be, as defendants suggest, that expert testimony will be necessary on this issue; I had not anticipated that, but I certainly cannot defer the issue past December, since the plaintiff seeks to enjoin termination of the contract effective January 1, 2008. The fact that discovery on the extent to which plaintiff's business will be destroyed will be extensive affords no reason for me to reconsider consolidating

the preliminary injunction hearing with the final trial on the merits. The parties should start that discovery now, and take it on an expedited basis, and have their expert reports in hand on the schedule set by the court.

The second issue is defendants' argument that it can terminate the contract because of uncured material breaches by the plaintiff. That argument goes to plaintiff's likelihood of success on the merits; if plaintiff has committed a material breach, it is entirely possible that defendants could terminate their contract. So discovery on that issue should be taking place now as well.

I do not understand why defendant is complaining of the fact that discovery has to be expedited. It has to be expedited because a decision must be rendered before January 1, 2008. It matters not whether that decision is preliminary or permanent; it must be rendered on an expedited basis. And so the parties must take their discovery in an expedited manner. They should get to it.

Dated: October 4, 2007

_____
U.S.D.J.

BY ECF TO ALL COUNSEL