USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CONSIST SOFTWARE SOLUTIONS, INC., :
f/k/a CONSIST INTERNATIONAL, INC., :
:                    07 CV 7047 (CM) (FM)
                  Plaintiff, :
  -against- :
: **CONFIDENTIALITY**
SOFTWARE AG, INC. and SOFTWARE AG, : **ORDER AND STIPULATION**
:
                  Defendants. :
------------------------------------------------------------x

      WHEREAS, the parties have recognized and agreed that this lawsuit may require the disclosure to opposing parties of information considered by the disclosing party to be confidential, and

      WHEREAS, the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation and therefore wish to agree on a reasonable means of protecting such information from being placed on the public record or being disclosed to third parties; and

      WHEREAS, good cause exists for entry of a confidentiality protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

      IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the above-captioned parties as follows:

      1.    This Confidentiality Stipulation and Order ("Order") governs the handling of confidential information contained in documents, deposition testimony and deposition exhibits, interrogatory responses, answers to requests for admissions and any other discovery devices and materials ("Discovery Material") produced by or obtained from or relating to any of the parties to this action.

2.  If any party hereto believes in good faith that the Discovery Material in this action contains or discloses trades secrets, proprietary or commercial information, financial information, personnel records of corporate employees, medical and psychiatric records, or any other commercially or personally sensitive information of a non-public nature, it may designate such Discovery Material as "Confidential" by prominently marking the same "Confidential" or, if this is not practicable, by advising opposing counsel of such designation in writing.

3.  The parties may also designate Discovery Material as "Confidential-Attorneys' Eyes Only." A producing person or party shall make the "Confidential-Attorneys' Eyes Only" designation only as to Discovery Material which that person or party in good faith believes is of a nature that disclosure would harm the competitive position of the producing party. Confidential documents shall not include documents that are generally or publicly available. Examples of documents or other information that are properly classifiable as "Confidential-Attorneys' Eyes Only" include, but are not limited to, documents reflecting customer information and/or identities that the producing party has a good faith belief are not generally publicly known.

4.  Any party may, on the record of the deposition or by written notice to counsel for all parties, no later than 5 days after receipt of a deposition transcript, designate such portions thereof, including exhibits, as are "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Order. During the 5-day period, all transcripts, exhibits and the information contained therein will be deemed to be "Confidential-Attorneys' Eyes Only" in their entirety under the terms of this Order. Those portions of deposition transcripts and exhibits that contain confidential matter shall be prominently marked "Confidential" or "Confidential-Attorneys' Eyes Only" and the cover thereof shall note that it contains confidential information.

5.  Discovery Material designated "Confidential" and/or "Confidential Attorneys' Eyes Only" shall be used solely for the purpose of this litigation, including in the preparation for trial, at trial and/or in connection with any appeal of this action and shall not be used for any other purpose whatsoever.

6.  In the event any of the parties hereto obtain documents or materials by virtue of subpoenas issued to a third party, that third party may also advise the parties in writing, of the intent to consider such documents or materials as "Confidential" and/or "Confidential-Attorneys' Eyes Only" pursuant to the terms of this Order.

7.  "Confidential" Discovery Material shall be produced to and used solely by (i) the parties, including all officers, directors or employees of a party, former or current, assisting in the prosecution or defense of the action and for whom it is necessary to disclose the Discovery Material, all of whom shall be advised of and agree to be bound by the terms of this Order, and (ii) the parties' attorneys of record, who shall not disclose or permit disclosure of the Discovery Material or the contents thereof, except to the following persons:

(a)  their law partners, associates, paralegals and other persons employed by the law offices of such attorneys;

(b)  outside vendors, such as copy centers or translation services specifically engaged to assist counsel with the prosecution or defense of this action;

(c)  bona fide outside experts or consultants and their employees, not on the staff of any party, consulted by such attorneys for assistance in the prosecution or defense of the claims in this litigation;

(d)  a person whose deposition is to be taken in connection with this litigation, but only to the extent necessary for the deposition;

(e)   the authors and the original recipients of the documents;

(f)   other persons, upon written consent of the producing parties or with leave of the Court after notice to the party producing such Discovery Material; and

(g)   the Court, Court personnel and members of any jury, including alternates, impaneled to hear this matter.

8.   Use of any "Confidential-Attorneys' Eyes Only" Discovery Material, including all information derived therefrom, shall be restricted solely to the following persons, who are to be advised of and agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a)   outside counsel for any party to the above-captioned litigation, and all employees of outside counsels' firms, including but not limited to paralegals and clerical employees;

(b)   <u>bona fide</u> outside experts or consultants and their employees, not on the staff of any party, consulted by the parties' outside attorneys for assistance in the prosecution or defense of the claims in this litigation;

(c)   the authors and the original recipients of the documents;

(d)   upon agreement of the producing party or with leave of Court after notice to the producing party, any person of whom testimony is taken provided that there is a reasonable basis for such disclosure and that such person may only be shown copies of "Confidential-Attorneys' Eyes Only" Discovery Material during his or her testimony, and may not retain any "Confidential-Attorneys' Eyes Only" Discovery Material.

(e)   other persons, upon written consent of the producing party or with leave of the Court after notice to the party producing such "Confidential-Attorneys' Eyes Only" Discovery Material; and

    (f)    the Court, Court personnel and members of any jury, including alternates, impaneled to hear this matter;

    9.    Each person to whom "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material or the contents thereof is to be disclosed pursuant to paragraphs 7 (i) and 7 (ii) (b) - (f) and 8 (b) - (e) above, shall agree in advance:

    (a)    that he or she has read a copy of this Order and agrees to be bound thereby;

    (b)    that he or she will not disclose such Discovery Material or the contents thereof to any person not entitled thereto under this Order; and

    (c)    that he or she will not use such Discovery Material or the contents thereof except in connection with this litigation.

With respect to persons designated in paragraphs 7(i), 7(ii) (b) - (f) and 8(b) - (e), such agreement shall be manifested by the signature of each such person on a copy of Appendix A hereto, which shall be maintained by the attorney for the party who has disclosed the Discovery Material to such person.

    10.    This Order shall not be construed to prevent any parties from making copies of any "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material hereby disclosed. However, all such copies shall be subject to the provisions of this Order.

    11.    In the event that any "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its "Confidential" or "Confidential-Attorneys' Eyes Only" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

    12.    All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the

*[Handwritten annotation: "I will not consent to this — I refuse to seal papers filed in support of a motion for summary judgment or trial exhibits and I will not seal any opinions"]*

Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. If the Court does not permit a party to file confidential information under seal, the parties shall be able to file, and rely upon, such information to prosecute and/or defend against this case.

13. If portions of documents or other Discovery Materials deemed "Confidential" or "Confidential-Attorneys' Eyes Only" are filed with the Court, they shall be filed under seal and marked as follows":

> **CONFIDENTIAL OR ATTORNEYS' EYES ONLY**
> IN ACCORDANCE WITH A CONFIDENTIALITY ORDER, THE ENCLOSURES SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 7(G) AND 8(F) OF THE CONFIDENTIALITY ORDER.

14. Each individual who receives any "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

15. A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential-Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidential status of any information may request appropriate relief from the Court. The burden of establishing that information has been properly designated as

"Confidential" or "Confidential-Attorneys' Eyes Only" is on the party making such designation. Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be treated as so designated unless and until the Court directs otherwise.

16. The inadvertent production of privileged Discovery Material shall not be deemed a waiver of the applicable privilege.

17. Nothing herein shall prevent any person from seeking, by written agreement of the parties hereto or Court order, further, greater, or lesser protection with respect to the use of any "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Materials in connection with this lawsuit.

18. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

(a) prejudice or affect in any way the rights of any party to this action to object to the production of documents it considers not subject to discovery under the Federal Rules of Civil Procedure or otherwise;

(b) prejudice in any way the rights of a party to seek a court determination:

(i) whether particular Discovery Materials should be produced; or

(ii) if produced, whether such Discovery Material should be subject to the terms of this Order;

(c) prejudice, affect or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Order; or

(d) prejudice or affect in any way the rights of any party to this action to object upon any ground to the admission of any document or thing into evidence at the time of trial or otherwise.

19. In the event additional persons become parties to this litigation, they shall not have access to "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material produced by or obtained by any parties to this action until the newly joined party, by its counsel, has executed and filed with the Court a copy of this Order.

20. Upon conclusion of this litigation, whether by judgment, settlement or otherwise (and after exhaustion of all appeals), all "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material, and copies thereof, shall be returned to counsel for the producing party or such Discovery Material shall be certified to have been destroyed. Litigation counsel for the parties shall be entitled to keep three sets of papers filed in the case that include confidential information, which papers shall be governed by the terms hereof to the extent they contain confidential information. Recipients of confidential information in electronic form shall destroy all copies thereof that are easily accessible and shall be under a continuing obligation to destroy any copies that are not easily accessible (e.g., because they have been warehoused) if and when that becomes possible.

Dated: New York, New York
       October 12, 2007

| DUANE MORRIS LLP | BAKER & McKENZIE LLP |
|---|---|
| By: _/s/ Hyman L. Schaffer/CMS_ | By: _/s/ James D. Jacobs/CMS_ |
| Hyman L. Schaffer | James D. Jacobs |
| Fran M. Jacobs | Richard A. De Palma |
| Brian Damiano | John A. Basinger (*pro hac vice*) |
| 1540 Broadway | 1114 Avenue of the Americas |
| New York, New York 10036 | New York, New York 10036 |
| Telephone: (212) 692-1000 | Telephone: (212) 626-4100 |
| Facsimile: (212) 692-1020 | Facsimile: (212) 310-1600 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *Consist Software Solutions, Inc.* | *Software AG, Inc. and Software AG* |

SO ORDERED:

_____
Hon. Colleen McMahon, U.S.D.J.

## APPENDIX A

I _____ hereby agree that: (a) I have read a copy of this Confidentiality Stipulation and Order and agree to be bound thereby; (b) I will not disclose any "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material or the contents thereof to which I become privy to any person not entitled thereto under the terms of this Confidentiality Stipulation and Order; (c) I will not use such "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material or the contents thereof except in connection with this litigation; and (d) I will subject myself to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to the alleged breach of any of my obligations under this Order.

Signature: _____   Date: _____

Print Name: _____