UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CONSIST SOFTWARE SOLUTIONS, INC.
f/k/a CONSIST INTERNATIONAL, INC.,

      Plaintiff,

   -against-

SOFTWARE AG, INC. and SOFTWARE AG,

      Defendants.

-------------------------------------------------------------- x

07 Civ. 7047 (CM)(FM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/07

### MEMORANDUM ORDER

McMahon, J.:

    After reading the briefs submitted by the parties pursuant to my order of October 19, I rule as follows:

    (1) Plaintiff cannot rely on any presumption that the loss of an exclusive distributorship will work an irreparable injury. Plaintiff is clearly reading far too much into the decisions cited in its memorandum in support of the motion for a preliminary injunction. I will discuss but one example, since it is a case with which I am intimately familiar: Subaru Distributors Corp. v. Subaru of America, Inc., 47 F. Supp. 2d 451 (S.D.N.Y. 1999). In case it is not apparent from the name of the party plaintiff, the plaintiff who moved for a preliminary injunction in that case had but one business – it was the exclusive distributor of Subarus to dealers in New York and New Jersey. Being cut off by Subaru of America would have obliterated its business. That plaintiff would be irreparably harmed by the loss of its exclusive distributorship was obvious – so much so that the defendant did not bother to contest the point. Even so, plaintiff did not obtain injunctive relief, because termination was not imminent.

    Plaintiff must prove irreparable injury. I understand from plaintiff's memorandum that business related to the agreement with Software AG constitutes 90% of Consist's business in the Territory (seven South American countries) where it holds the distributorship. I have no idea whether all or substantially all of Consist's business is in South America; if it is not, I have no idea how much of Consist's business will be affected by the termination, assuming that termination was properly effected. It may be that very little of Consist's overall business will suffer – in which case, the injury cannot be deemed "irreparable."

    Since plaintiff must PROVE irreparable injury in order to obtain injunctive relief,

Copies mailed/faxed/handed to counsel on 10/24/07

defendant has the right to take discovery on the issue. Consist contends that money damages cannot fully compensate it for the harm it will suffer through the loss of its business, because its self-branded technology is dependent on the use of defendant's software. Defendant is entitled to probe that assertion.

(2) As for the current discovery dispute, I conclude that the source code is relevant to Software AG's defense that Consist will not suffer irreparable injury and is not privileged. Production is reasonably calculated to lead to the discovery of admissible evidence. It must, therefore, be produced. The court will require a stringent protective order as a condition of production.

(3) Defendants end their brief with a request that Consist be held to its prior position and not be permitted to prove irreparable injury. That request is denied. In the alternative, defendants contend that they cannot be ready for the hearing on December 12. I reject that contention as well. I will not change the hearing date for any reason.

This constitutes the decision and order of the court.

Dated: October 24, 2007

_____
U.S.D.J.

BY FAX AND ECF TO ALL COUNSEL