**BAKER & McKENZIE**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

*[Handwritten endorsement:] 11/13/07 — I have just returned from being away for 5 days. I assume the deposition went forward. I deny the protective order application. [signed] Colleen McMahon*

November 7, 2007

James David Jacobs
Tel: +1 212 891 3951
Fax: +1 212 310 1651
James.D.Jacobs@bakernet.com

By Facsimile

The Honorable Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

**MEMO ENDORSED**

RE:   Case No. 07 CV 7047: *Consist Software Solutions, Inc. v. Software AG, Inc.*

Dear Judge McMahon:

We write on behalf of defendants Software AG, Inc. and Software AG (together "Software AG") to seek a Rule 26(c) protective order from the defective subpoena and untimely deposition notice served by plaintiff Consist Software Solutions, Inc. ("Consist") upon the CEO and President of Software AG, Mr. Karl-Heinz Streibich, who resides and works in Darmstadt, Germany, a suburb of Frankfurt. Defendants will also produce Mr. Streibich as their witness pursuant to Consist's notice pursuant to Rule 30(b)(6).

For the reasons set forth below we ask that this Court rule, pursuant to Fed.R.Civ.P. 26(C) and Rule 45, that Mr. Streibich's presence is not required in Kissimmee, Florida on Monday Nov. 12 and that his deposition instead go forward on Saturday Nov. 17 in Germany, where he resides and works. Nov. 17 is one day after the close of discovery pursuant to the September 26, 2007 Scheduling Order ("Scheduling Order").

**Background Facts**

While Software AG's counsel was deposing Consist's CEO on Monday Nov. 5 Consist's counsel for the first time sent multiple notices of deposition, one of which scheduled the deposition of Mr. Streibich for Friday Nov. 16 in New York. Consist also scheduled other depositions back-to-back during the same week in New York of two other non-party witnesses – Peter Schnell and Christian Barrios – who are no longer affiliated with Software AG and who reside in Europe and South America, respectively.

We immediately informed Consist's counsel that their proposed schedule was highly unrealistic and we could not secure the appearance of these two unaffiliated witnesses outside the United States. We informed them that we believed the only

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

Baker & McKenzie LLP is a member of Baker & McKenzie International.

*[Stamp:] USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 11/13/07*

**BAKER & McKENZIE**

way to compel their depositions would be through the Hague Convention. We also informed counsel that we would present Mr. Streibich for deposition at Software AG headquarters, in keeping with the general rule that party defendants – particularly the "apex" corporate officers -- are entitled to have their depositions taken where they reside and work. Mr. Schaffer disputed that this was the general rule.

Mr. Schaffer then asked if Mr. Streibich would be on Software AG's witness list for trial. We responded that we did not know yet who would be on the trial witness list, which is not due until Nov. 27 under the Scheduling Order. We told Mr. Schaeffer that because we have not yet received a single electronic document from Consist, we are not prepared to designate witnesses ahead of schedule. We asked whether Consist was ready to provide its own trial witness list, and Mr. Schaffer declined to do so.

At that point Mr. Schaffer stated that Mr. Streibich was in Florida for a conference – which was news to Software AG's counsel. Mr. Schaeffer stated that he would seek the Court's intervention to compel Mr. Streibich to appear for an expedited deposition on Friday Nov. 9 in New York. He then took a break from the deposition for approximately half an hour. We can only surmise that he had his associates research the law and determine that indeed the general rule is that a party defendant is traditionally deposed near his home or work. Accordingly, Consist privately decided that it would attempt an end run around this rule: it would directly subpoena Mr. Streibich at a time and place that was convenient only for Consist's counsel, without conferring with us concerning the logistics of the deposition. Upon his return, rather than respond to Software AG's offer to present Mr. Streibich in Germany, Mr. Schaeffer said nothing further on the subject.

Unbeknownst to us, on the same afternoon Consist's counsel drafted a subpoena and arranged for its service. The next day, yesterday afternoon, Consist served the subpoena on Mr. Streibich at a conference he was attending in Kissimmee, Florida. Only well after service was effected upon Mr. Streibich, over one day after Consist prepared and initiated service, did Consist serve (at 5:38 p.m. last evening) the notice of deposition upon us.

Notwithstanding Consist's facially defective subpoena (see below), belated deposition notice, and failure to confer in good faith regarding the location or timing of the deposition of Mr. Streibich, early this morning (approx. 8:45 am) Software AG offered to produce Mr. Streibich for deposition in Florida on Thursday Nov. 8 (instead of Monday Nov. 12 or Friday Nov. 9). Alternatively, we informed Consist that Mr. Streibich was available next Saturday Nov. 17 in Germany. We further explained that at all other times Mr. Streibich was engaged in important and long-

NOV. 07'2007 20:52 12126266142  BAKER & McKENZIE  #0516 P.004/006
Case 1:07-cv-07047-CM    Document 35    Filed 11/13/2007    Page 3 of 5

BAKER & McKENZIE

scheduled company business and was unavailable. Although Nov. 17 is one day after the end of discovery pursuant to this Court's Scheduling Order, we noted that that one day caused neither party any prejudice. Consist rejected both offers and continues to demand that Mr. Streibich appear in Florida on Monday Nov. 12.

**Mr. Streibich's Availability**

Mr. Streibich's schedule as CEO of Software AG, a three-quarters of a billion-dollar international company, prevents him from appearing for an all day deposition this Monday Nov. 12 in Florida. He leaves Florida this evening and returns to Germany early tomorrow morning. On Friday afternoon and evening Nov. 9 he is required to attend an event hosted by T-Mobile, Germany's biggest telecommunications provider, at which he will meet with top-level representatives of German government and business. On Monday Nov. 12 Mr. Streibich has meetings in his offices in Darmstadt, including preparing for the executive board meetings that consume the remainder of the week. Tuesday through Friday of next week (Nov. 13-16) he will meet with the entire Software AG executive board and 45 top Software AG managers from around the world. These long-scheduled meetings can neither be postponed nor effectively go forward without Mr. Streibich's daily participation. Accordingly, after Consist refused our offer to have Mr. Streibich remain an extra day in Florida and to have Consist depose him tomorrow, we have offered Mr. Streibich on the very first day he becomes available – Nov. 17 – in Germany.

**Argument**

For at least three reasons the subpoena and subsequent deposition notice are contrary to the Federal Rules and the Scheduling Order. Most seriously, and not subject to cure, is that the subpoena is defective on its face and without any effect to compel the deponent's presence. Although it was issued out of *this* Court, the subpoena was served in Kissimmee, Florida, *i.e.* the Middle District of Florida. Rule 45 requires that a subpoena for attendance at a deposition be issued "**from the court for the district where the deposition is to be taken.**" Fed.R.Civ.P. 45(a)(2)(B) (emphasis added). Furthermore, the subpoena also purports to compel Mr. Streibich to appear to testify in Kissimmee, Florida on Monday Nov. 12 a location that is well outside of the 100 mile radius of this Court. *See* Fed. R. Civ. P. 45 (b)(2). *See also Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 87-88 (E.D.Pa. 1994)("The subpoena issued from the wrong court and . . . this court lacks jurisdiction to enforce it . . . ."); *Productos Mistolin v. Mosquera*, 141 F.R.D. 226, 229 (D.P.R. 1992)("[t]he subpoena is void on its face, issued in Florida to a person in Puerto Rico" citing Fed. R. Civ. P. 45(a)(2).)

BAKER & McKENZIE

The deposition notice is also untimely. It was served on Nov. 6, one day after the Nov. 5, 2007 deadline that this Court set in the Scheduling Order and a full day after the subpoena was prepare and service initiated.

Consist is, in essence, demanding that Mr. Streibich remain in Florida needlessly from this evening until next Monday (missing all his scheduled events from Thursday through most of Tuesday) or fly to Germany and take a return flight back to the United States the next day (missing all his scheduled events for Monday and most of Tuesday). Flights to and from Germany take a full day's time. Mr. Streibich's previously scheduled commitments do not allow him to be either waiting idly in Florida for Consist to prepare or flying to and from Germany while the meetings go forward without him.

Consist has no reason other than its own convenience to insist on a deposition on Monday Nov. 12 in Florida. We offered early this morning to produce Mr. Streibich tomorrow in Florida – which Consist's attorneys refused – apparently solely for their convenience. This would have allowed Mr. Streibich to remain one extra day in Florida and still return to Germany in time for his critical commitment this Friday Nov. 9. Consist has no basis to cry short notice, particularly since its attorneys initially demanded that the deposition occur only a day later – *i.e.*, on Friday Nov. 9.

Indeed, despite the fact the subpoena and deposition notice were defective, on much less notice we were able overnight to offer to clear Mr. Streibich's schedule for a deposition tomorrow and to schedule a flight from New York to Orlando leaving at noon today so that we could be in Florida this afternoon to prepare Mr. Streibich. Because Consist's lawyers simply refused to move the deposition up one day from the day they originally told us they wanted to depose him (Nov. 9), Mr. Streibich's deposition was not taken.

Similarly, again apparently for reasons only of its own convenience, Consist rejected our proposal to hold the deposition on Saturday Nov. 17 in Germany. We understand that Mr. Schaffer, one of Consist's attorneys, for religious reasons likely could not take Mr. Streibich's deposition on a Saturday. However, Mr. Schaffer's colleague and partner Fran Jacobs is no doubt quite capable and could appear in his stead.

Accordingly, Software AG respectfully requests that the Court rule that the subpoena is defective and invalid, and under its broad discretion to set the timing and location of discovery, order that Mr. Streibich's deposition occur on Saturday Nov. 17 in Darmstadt, Germany. The exercise of such discretion is particularly merited under these circumstances where Consist's unjustified refusal to depose defendants' Chief

November 7, 2007                                                           Page 4

**BAKER & McKENZIE**

Executive Officer at times most convenient to his availability imposes extreme hardships. *See Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001); *Buzzeo v Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998); *Mill-Run Tours Inc v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989).

**The Rule 30(b)(6) Deposition Should Be Adjourned to Saturday Nov. 17.**

Software AG intends to designate Mr. Streibich as its 30(b)(6) deponent in response to Consist's notice. Mr. Streibich's personal knowledge does not extend to all of the topics designated. Software AG is mindful of its obligation to educate Mr. Streibich on those topics. *See 20th Century Fox Film Corp. v. Marvel Enters., Inc.*, 2002 U.S. Dist. LEXIS 14682 *7 (S.D.N.Y. Aug. 8, 2002). Software AG should accordingly be given an opportunity to prepare Mr. Streibich for his deposition.

The Court has discretion to make orders concerning the timing and sequence of discovery for the convenience of parties and witnesses and in the interests of justice. See Fed. R. Civ. P. 26(c)(2) and (d). Mr. Streibich's schedule, Software AG's obligation to prepare him for his deposition, the presumption that depositions of corporate party defendants should occur at the corporate offices, and the lack of prejudice to Consist all mandate that the Court should order that his deposition, individually and as Software AG's corporate representative, should take place on Saturday Nov. 17 where he works and resides.

Respectfully Submitted,

James David Jacobs

JDJ/ldz

cc: Hyman L. Schaffer (by email)

November 7, 2007                                                                                            Page 5