USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/07

**BAKER & McKENZIE**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Düsseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogotá
Brasilia
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

James David Jacobs
Tel: +1 212 891 3951
Fax: +1 212 310 1651
James.D.Jacobs@bakernet.com

November 27, 2007

**By Facsimile**

The Honorable Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

**MEMO ENDORSED**

RE:     Case No. 07 CV 7047: *Consist Software Solutions, Inc. v. Software AG. Inc.*

Dear Judge McMahon:

We write on behalf of defendants Software AG and Software AG, Inc. (collectively
"Software AG") to comply with Your Honor's Nov. 26, 2007 "Response to
Correspondence" requiring Software AG to "identify, in writing, any and every instance of
material breach that (in its view) justifies termination of the contract."

We also provide the Court with a copy of the documents -- Exhibits 1-4 to this letter -- that
Software AG contends constitute notice of the Consist breaches, thereby triggering the
contractual 60-day cure period provided for in the January 1, 1998 Agreement, Paragraph 7.

Software AG has notified Consist Software Solutions, Inc. ("Consist") in writing, pursuant
to the parties' Agreement of the following material breaches by Consist:

1.  Consist failed to use "all reasonable efforts to successfully market the SYSTEMS in
    the TERRITORY" as required by ¶ 5(3) of the Agreement.

    *See* Exhibit 1, July 4, 2006 email from Software AG CEO Karl-Heinz Streibich to
    Consist President Natalio Fridman; Exhibit 2, August 16, 2006 letter from Pamela T.
    Church to Hyman L. Schaffer; Exhibit 3, October 9, 2007 letter from James D. Jacobs to
    Hyman L. Schaffer at paragraph 2.

2.  Consist failed to make all reasonable efforts to market Special Products as required
    by ¶ 5(3) of the Agreement. *See* Exhibit 3, Oct. 9, 2007 letter at paragraph 3.

3.  Consist failed to show authorship, copyright and trademark of Software AG in
    written materials for marketing or support of the SYSTEMS as required by ¶ 5(1) of
    the Agreement. *See* Exhibit 3, Oct. 9, 2007 letter at paragraphs 1 and 7;

    Exhibit 4, October 10, 2007 letter from James D. Jacobs to Hyman L. Schaffer.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

11/27/07 *[handwritten]* The financial information simply has NO RELEVANCE whatever to the
contract interpretation issue. To the extent you have declared Consist
to be in default, you (or your counsel) of course already have the
reasons in silence — otherwise, your default notice was sent in
bad faith. *[Application denied]* CM

4. Consist failed to provide written quarterly reports of all installations and de-installations of Special Products as required by ¶ 5(3) of the Agreement. *See* Exhibit 3, Oct. 9, 2007 letter at paragraph 4.

5. Consist failed to provide satisfactory technical assistance and support in the Territory for customers of Software AG products. *See* Exhibit 2, Aug. 16, 2006 letter; Exhibit 3, Oct. 9, 2007 letter at paragraph 5.

6. Consist has acted as a distributor, agent, reseller or marketing representative for system software products which compete with Software AG in violation of ¶ 5(11) of the Agreement. *See* Exhibit 2 Aug. 16, 2006 letter; Exhibit 3, Oct. 9, 2007 letter at paragraph 6.

7. Consist applied for the trademarks ADABAS and NATURAL in the Territory and did not truthfully state that Software AG was the owner of the trademarks and author of the software and programming language in violation of ¶ 5(1) of the Agreement as well as the duty of good faith and fair dealing. *See* Exhibit 4, Oct. 10, 2007 letter at p. 1.

8. Consist misrepresented that it has renewed the Agreement for an additional 5 Year Term in violation of ¶¶ 1 and 5(4) as well as the duty of good faith and fair dealing. *See* Exhibit 2, Aug. 16 letter at p. 2.

We will be prepared to present testimony, including, if necessary, expert testimony, on the above listed material breaches at the December Trial. We understand that if the Court agrees with Software AG's interpretation of the non-renewal provision, then the breach portion of the Trial will be unnecessary.

### Relevance of Financial Information to the Case

The financial information that we seek is not only highly relevant to establishing Consist's material breaches, but also to determining the intent regarding the meaning of Sections 1 and 7 of the Agreement. For example, Mr. Fridman swore in an un-filed declaration for Consist's aborted injunction motion that Consist's Agreement with SAGA was intentionally negotiated and drafted in an "evergreen" manner to prevent SAGA from converting customer relationships. In support of this contention Mr. Fridman testified in paragraph 14 that "*starting after the Agreement was executed* and in reliance on [the Agreement's] evergreen nature":

(i) Consist began to build up a network of hundreds of professionals whose exclusive function was to work with Consist's customers; (ii) Consist allocated its most skilled and experienced professionals to work as consultants to assist Consist's clients in expanding the [Systems]; (iii) Consist provide[d] these consultants free of charge to its clients; and (iv) Consist engaged in "creative pricing" making Consist's clients further dependent upon SAG technology.

Software AG is entitled to use Consist's financial documents to test Mr. Fridman's sworn, but otherwise unsupported, testimony that Consist ramped up its operations and used "creative" pricing in reliance on the supposed "perpetual" nature of the Agreement.

We also require the Consist financial information to establish many of the above breaches. Consist's financials will demonstrate whether it made "all reasonable efforts" to sell Software AG products in the Territory. Only financial documents would disclose for example the promotional and advertising resources devoted to portions of Consist's Territory; the comparative results between sales of Consist's own products and those of Software AG; Consist's portion of various markets in the Territory versus the entire market; and the personnel and resources Consist devoted to exploit various portions of the Territory.

Another breach to which the financial data is absolutely critical is Consist's failure to report its sale of Special Products. Indeed, the Agreement expressly labels as "material" the failure to report on the Special Products. The Agreement also requires that Consist make "all reasonable efforts" to sell Special Products. Software AG knows that it has not received the requisite reporting forms from Consist concerning Special Products.

Consist's financial documents would permit Software AG to determine whether Consist sold Special Products and thus breached its reporting requirement or, in the alternative, whether Consist's lack of Special Product sales was due its failure to make "all reasonable efforts" to sell those products. Indeed, the best way, and possibly the only independent method, to establish Consist's sales of Special Products is through financial data. At the very least we should be able to test Mr. Fridman's unsupported assertion in his deposition that he sold "no" Special Products in the entire 10-Year Term of the Agreement.

### Summary

The Consist financial picture is one way Software AG may test Mr. Fridman's claims and explore Consist's positions. We should be, at the very least, entitled to conduct a 30(b)(6) deposition tomorrow concerning the Consist financial data in order to ascertain Mr. Fridman's basis for his contract interpretation claims and to provide support for Software AG's breach allegations.

We thank Your Honor for turning to this matter while on trial, and are available at any time should the Court need anything further.

Respectfully submitted,

James David Jacobs

cc: All counsel of record

Exhibit 1

**From:** Streibich, Karl-Heinz
To: Fridman, Natalio
Sent: Tuesday, July 04, 2006 8:32 AM
Subject: Cooperation agreement


Dear Natalio,

Since communication obviously stopped between the two of us in respect of the termination of our contract,
I want to inform you on the following issues:

1. We consider the none utilized market potential for our products in your territory, especially in Paraguay, Peru, Argentina, Bolivia, Chile, Uruquay, as a breech of our contract.

   We tried to get an agreement with you to enter the market in a coexisting mode. Promising talks started but have not yet been concluded.

2. You mentioned in our last phone call, that you will convert your customers who have installed Software AG products to products of competitors.

   I want to inform you that this would be a breech of contract as well, and we will not accept this.
   In addition, I want to make clear, that you are not allowed to sell competing products in our contractual territory.


Natalio, if you would like to discuss anything with me, feel free to contact me at any time.

Best regards, .


Karl-Heinz Streibich
CEO, Software AG

Exhibit 2

 BAKER MCKENZIE

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

August 16, 2006

Hyman L. Schaffer, Esq.
Duane Morris
380 Lexington Avenue
New York, NY 10168

Tel: +1 212 626 4978
Fax: +1 212 310 1603
Pamela.T.Church@bakernet.com

By Certified Mail
Return Receipt Requested

RE:    SAGA and Consist International, Inc.
       Our ref.: 56142904-000001

Dear Mr. Schaffer:

Our client, Software AG Inc., formerly known as Software AG Americas, Inc. ("SAGA"), asked that we respond to your letter of July 28, 2006. That letter asserts that "SAGA['s] ... notice to Consist purporting to terminate the Agreement ... was ineffective ...." It also gives notice that Consist will hold SAGA and its affiliates liable for various unspecified breaches, unspecified interferences with contractual relations, etc.

SAGA rejects your assertions. Contrary to your strained, indeed fanciful, construction of Software AG's and SAGA's letters of March 30, 2006 and April 6, 2006 and of the Distribution Agreement dated January 1, 1998 ("Agreement"), in those letters SAGA in fact gave notice under paragraph 1 of the Agreement that it would not renew the Agreement upon its expiration on December 31, 2007. Paragraph 7 provides a separate procedure for termination for breach. SAGA reaffirms its intention not to renew the Agreement.

Your characterization of Mr. Streibich's letter of July 4, 2006 is in error. That letter effectively put your client on notice under Paragraph 7 of the Agreement that it was in material breach of the Agreement and that it had sixty days to cure the defaults therein detailed. Thus, unless your client cures these defaults on or before September 3, 2006, the Agreement will terminate as of that date.

Moreover, your client's breaches are not limited to those detailed in Mr. Streibich's letter. On the contrary they include the following:

- In breach of Paragraph 5 (11), Consist has acted and is acting as a distributor, agent, reseller or marketing representative for system software products which compete with SAGA without SAGA's approval. Among such products are Attunity.Connect.

- In breach of Paragraph 5(3) in addition to those breaches detailed in Mr. Streibich's July 4, 2006 letter, Consist refused and continues to refuse to bid on software products for Cementos Bio.Bio in Chile pursuant to a request in an email from Tomas Figueroa to Excequiel Matamalaon, dated July 10, 2006.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

NOV.27'2007 14:18 12:2826A1



- In breach of Paragraph 5(4), Consist has failed to provide satisfactory technical assistance and support in the Territory for customers of SAGA products including HSBC and the Pão de Açócar Group.

- In breach of Paragraphs 1 and 5(4) and the duty of good faith and fair dealing which is part of every contract made under New York law, Consist has misrepresented to ABN that it has renewed the Agreement for an additional five year term.

Pursuant to Paragraph 7 of the Agreement your client has 60 days to cure these additional breaches as well as the breaches described in Mr. Streibich's July 4, 2006 letter.

Furthermore, since your notice of SAGA's purported breaches lacked even a pretense of the specificity that Paragraph 7 of the Agreement requires, to quote your language your notice "was defective and ineffective under the Agreement". If SAGA has breached the Agreement, which we have no reason to believe is the case, we await your providing "in detail the material conditions [SAGA] has failed to perform."

In your August 11, 2006 letter you state that Consist would prefer to settle its disputes with SAGA and Software AG amicably and without resort to judicial process. SAGA would prefer to do so as well. To that end our client would be willing to meet with your client with counsel present in efforts to work out a mutually acceptable resolution.

This letter is without prejudice to any and all rights that our client may have.

Very truly yours,

Pamela T. Church

Cc: Jooben Deuse, Esq.
General Counsel
Software AG

Exhibit 3

BAKER & McKENZIE

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
Istanbul
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

October 9, 2008

Hyman L. Schaffer, Esq.
Duane Morris
380 Lexington Avenue
New York, NY 10168

Tel: +1 212 891 3951
Fax: +1 212 310 1651
James.D.Jacobs@bakernet.com

By Certified Mail
Return Receipt Requested
By Email

RE:     SAGA and Consist International, Inc.
        Our ref.: 56142904-000002

Dear Mr. Schaffer:

Our clients, Software AG and Software AG Inc., formerly known as Software AG Americas, Inc. ("SAGA")(collectively "Software AG"), asked that we write this letter detailing additional defaults of your client Consist International, Inc. under the agreement between SAGA and your client, effective January 1, 1998 ("Agreement").

In addition to the material defaults detailed in Mr. Streibich's letter to your client of July 4, 2006 and Pamela T. Church's letter to you of August 16, 2006, your client's material breaches include the following:

1.  Consist breached the Agreement by failing to show authorship, copyright and trademark of Software AG in written materials for marketing or support of the SYSTEMS as required by Paragraph 5(1) of the Agreement. Consist's breaches of Paragraph 5(1) include that in its website Consist gives no indication that it is the distributor of Software AG's products or to SAGA, but instead lists Software AG's products Adabas, Construct, EntireX, Natural, Predict and Tamino XML Server among its own products. There is no indication of Software AG's ownership, copyright or trademark interests in these products. Furthermore, a number of Consist's marketing brochures that refer to Software AG's products fail to contain any reference to Software AG.

2.  Consist breached the Agreement by failing to make all reasonable efforts to market the SYSTEMS throughout the TERRITORY as required by Paragraph 5(3) of the Agreement. Consist's breaches of Paragraph 5(3) include that it has failed to reasonably market the SYSTEMS in Chile, Bolivia, Paraguay, Uruguay and Peru. There are very few if any Consist customers of Software AG technology in Chile, Bolivia, Paraguay, Uruguay or Peru.

3.  Consist breached the Agreement by failing to make all reasonable efforts to market Special Products as required by Paragraph 5(3) of the Agreement. Consist's breaches of Paragraph 5(3) include that, according to Consist's website, Consist markets Software AG's products Adabas, Centrasite, Construct, EntireX, Natural, Predict and Tamino XML Server. Centrasite is a Special Product as defined in the Agreement.

## BAKER & McKENZIE

The product EntireX contains the Special Products EntireX XML Adapaters and cv Service Orchestrator (Enterprise Service Bus). The Tamino XML Server product under Unix contains the Special Product X-Node. Consist does not and has not marketed any of the following Special Products: Adabas SOA Gateway, Adabas SQL Gateway, Boloro, Connx, cv Application Composer, cv Business Process Manager, cv Centrasite Enterprise, cv Developer Subscription, cv Information Integrator, cv Suite SOA Edition, cv Suite BPM Edition, Enterprise Information Integrator, Entire Access, EntireX Orchestrator, Entire Procuess Manager, Enterprise Service Integrator, Event Replicator for Adabas, IDS Scheer, Itemfield, MSP/XSP/VOS Products, Natural Engineer, Rivet DragOn Tag, Tamino Mobile, Tamino Tokenizers, VCR/Via2 or Vordel.

4.  Consist breached the Agreement by failing to provide written quarterly reports of all installations and de-installations of Special Products as required by Paragraph 5(3) of the Agreement. Consist markets at least the Special Products Centrasite, EntireX XML Adapters, cv Service Orchestrator and X-Node (under Unix). During the term of the Agreement SAGA has never received a quarterly report on any of these or other Special Products sold by Consist.

5.  Consist breached the Agreement by failing to provide satisfactory technical assistance and support in the TERRITORY for customers of SAGA products as required by Paragraph 5(4) of the Agreement. Consist's breaches of Paragraph 5(4) include that it has not and is not providing sufficient answers on technical requests. For example, HP reports that it is unable to obtain satisfactory technical support from Consist and accordingly has asked Software AG to provide technical support.

6.  Consist breached the Agreement by acting as a distributor, agent, reseller or marketing representative for system software products that compete with Software AG without SAGA's approval in violation of Paragraph 5(11) of the Agreement. According to Consist's website Consist is marketing the product Attunity that is directly competitive to Software AG's Adabas SQL Gateway product. Any prior authorization that Software AG gave Consist to sell products competitive to those offered by Software AG and has not already been revoked is hereby revoked.

7.  Consist breached the Agreement by failing to take all necessary and reasonable measures to ensure that the SYSTEMS and Software AG's copyrights and trademarkes are safeguarded against unauthorized use, duplication or modification as required by Paragraph 5(1) of the Agreement. As set forth in greater detail in item 1 above, Consist failed to protect Software AG's intellectual property in its failure to identify Software AG as the author or owner of intellectual property.

BAKER & McKENZIE

Without waiver of SAGA's right to terminate the Agreement based on Consist's failure to
cure within 60 days the breaches specified in prior notices, pursuant to Paragraph 7 of the
Agreement your client has 60 days to cure these additional breaches.

This letter is without prejudice to any and all rights that our client may have.

Very truly yours,

Arthos David Jacobs

Cc: Jochen Deuse, Esq.
General Counsel
Software AG

Exhibit 4

October 10 2008

Tel: +1 212 891 3951
Fax +1 212 310 1851
James.D.Jacobs@bakernet.com

By Certified Mail
Return Receipt Requested
By Email

Hyman L. Schaffer, Esq.
Duane Morris
380 Lexington Avenue
New York, NY 10168

RE:    SAGA and Consist International, Inc.
       Our ref.: 56142904-000002

Dear Mr. Schaffer:

Our clients, Software AG and Software AG Inc., formerly known as Software AG Americas, Inc. ("SAGA")(collectively "Software AG"), asked that we write this letter further detailing the defaults of your client Consist International, Inc. under the agreement between SAGA and your client, effective January 1, 1998 ("Agreement").

The defaults number 1 and 7 in the October 9 letter set forth that:

(1) Consist breached the Agreement by failing to show authorship, copyright and trademark of Software AG in written materials for marketing or support of the SYSTEMS as required by Paragraph 5(1) of the Agreement. Consist's breaches of Paragraph 5(1) include that in its website Consist gives no indication that it is the distributor of Software AG's products or to SAGA, but instead lists Software AG's products Adabas, Construct, EntireX, Natural, Predict and Tamino XML Server among its own products. There is no indication of Software AG's ownership, copyright or trademark interests in these products. Furthermore, a number of Consist's marketing brochures that refer to Software AG's products fail to contain any reference to Software AG; and

(7) Consist breached the Agreement by failing to take all necessary and reasonable measures to ensure that the SYSTEMS and Software AG's copyrights and trademarks are safeguarded against unauthorized use, duplication or modification as required by Paragraph 5(1) of the Agreement. As set forth in greater detail in item 1 above, Consist failed to protect Software AG's intellectual property in its failure to identify Software AG as the author or owner of intellectual property.

Software AG has just learned that Consist applied for, and was granted, the trademarks "ADABAS" and "Natural" both for services and products in Brazil in 1986. This direct attempt at claiming ownership rights in the intellectual property rightfully owned by Software AG is a further violation of the parties' Agreements. Consist also breached the duty of good faith and fair dealing by failing to disclose the fact of the trademark registrations prior to the execution of the Agreement at issue in this case.

Without waiver of SAGA's right to terminate the Agreement based on Consist's failure to cure within 60 days the breaches specified in prior notices, pursuant to Paragraph 7 of the Agreement your client has 60 days to cure these breaches.

This letter is without prejudice to any and all rights that our client may have.

Very truly yours,

/S/

James David Jacobs


Cc: Jochen Deuse, Esq.
General Counsel
Software AG


NYGDMS/1062874.3

**BAKER & M°KENZIE**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 826 4100
Fax: +1 212 310 1600
www.bakemet.com

| **Date** | November 27, 2007 | **Phone** | **Fax** |
|---|---|---|---|
| **To** | Judge Colleen McMahon, | | 212 805 6326 |
| **From** | James David Jacobs | +1 212 891 3951 | +1 212 310 1651 |
| **Client/Matter No.** | | | |
| **File No.** | Consist v. Software, AG | | |
| **Re** | | | |
| **Pages (w/cover)** | 16 | | |

**Privacy And Confidentiality Notice**

The information contained in this facsimile is intended for the named recipients only.  It may contain privileged and confidential information and if you are not an intended recipient, you must not copy, distribute or take any action in reliance on it.  If you have received this facsimile in error, please notify us immediately by a collect telephone call to Office Services at +1 212 826 4100 and return the original to the sender by mail.  We will reimburse you for the postage.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.