James David Jacobs
Frank M. Gasparo
Marcella Ballard
John A. Basinger*
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036
*admitted pro hac vice

Attorneys for Defendants
Software AG, Inc. and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SOFTWARE AG, INC. and SOFTWARE AG, <br><br> Defendants. | Case No. 07-cv-7047 (CM)(FM) <br><br><br> **DEFENDANTS SOFTWARE AG, INC. AND SOFTWARE AG'S MOTION TO STRIKE CERTAIN DIRECT TESTIMONY OF NATALIO FRIDMAN** |

      Defendants Software AG, Inc. and Software AG (collectively "Software AG") object to and move to strike certain testimony included in the Statement of Direct Testimony of Natalio S. Fridman (the "Fridman Statement") filed by Plaintiff Consist Software Solutions, Inc. ("Consist").  Software AG moves to strike paragraphs 16 (other than its first sentence), 17, 18 and 20.

      These paragraphs of the Fridman Statement set forth at length Mr. Fridman's alleged subjective, unmanifested understandings of the meaning of Paragraph 1 and Paragraph 7 of the Agreement and argument concerning the meaning of the provisions.  Such testimony is inadmissible as parol evidence to show the intent of the parties; only expressed statements are

admissible. *See Nycal Corp. v. Inoco PLC*, 988 F.Supp. 296, 301-02 (S.D.N.Y. 1997), *aff'd* 166 F.3d 1201 (2d Cir. 1998)("when resolving disputes concerning the meaning of ambiguous contract language, unexpressed subjective views have no proper bearing. Only the parties' objective manifestations of intent are considered." *Id.* at 302). *See also Mercury Partners LLC v. Pac. Med. Bldgs., L.P.*, 2007 U.S. Dist. LEXIS 55855 *37 (S.D.N.Y. July 31, 2007) ("Indeed, 'the subjective but unexpressed intentions of the parties [can not] be considered.'" *Id.*, *quoting Baum v. Rockland Cmty. Coll.*, 299 F. Supp.2d 172, 175 n.1 (S.D.N.Y. 2003)).

Paragraph 17 of the Fridman Statement most plainly opts for Mr. Fridman's unexpressed subjective views rather than objective manifestations:

> 17.     As a businessman, ***I regarded*** these changes as responsive to my demand that the Agreement be perpetual. . . . ***I understood*** "any termination" in Paragraph 7 to mean a termination of the Agreement under Paragraph 1 . . . ***I believed*** that as long as Consist performed . . . ***I believed*** that, although the agreement could not be terminated . . . in short, ***my understanding*** from my dealings with Daly . . . .

Fridman Statement pp. 7-8, ¶ 17 (emphasis added).

Paragraph 17 contains no reference to either Consist's or Software AG's objective manifestations of their intent in drafting the Agreement, but only the alleged subjective understanding of Mr. Fridman. This is probably so because, contrary to the implications of the carefully-crafted Fridman Statement, Mr. Fridman has already admitted that he purposefully ***did not express*** to Software AG his intent that Paragraph 1 and Paragraph 7 of the Agreement be read together to render the Agreement effectively perpetual:

> Q.     I'd be happy to. Did you ever tell anyone at SAG, and that includes SAGA, in sum or substance that the '98 agreement was an evergreen contract, terminable only at limited times for specific reasons with detailed notice requirements?
>
> A.     ***Not for the purpose***.

2

> Q. You did not for a purpose, is that correct?
>
> A. ***I don't for a purpose***. The purpose was first of all I was thinking to make, to work together, always thinking in partnership. Remember we're working with Software AG, C19, the exclusive distributor, C1975. Our name is very, very related to their name, so I didn't want to have any -- sue, any legal things, so I want to make agreement with them, okay? I want to agree in substance, okay? That's all. ***So I never told them, for this reason and for the other reason I don't have to told them***. Our company is very, very connected with Software AG in the territory, over now 35 years already.

Deposition of Natalio Fridman at 76:10-77:9 (attached as Exhibit A).

Paragraph 16 – other than its first sentence – sets forth similar, subjective statements along with argument, rather than testimony, regarding the Agreement. For example, that paragraph states "[f]inally, and clearly referencing the termination set forth in Paragraph 1, which was available to both parties of the Agreement, Paragraph 7 too was made mutual." *See* Fridman Statement ¶ 16 (emphasis in original). It contains argument in place of testimony regarding stated intent.

Paragraph 18 likewise constitutes argument, rather than objective, expressed intent: "[i]f Daly was not trying to satisfy my demand for a perpetual agreement, I do not know why he would have deleted the provision . . . ."

Paragraphs 16 and 18 appear to insinuate that they may refer to expressed intent – "in response to my continued insistence on a perpetual contract" (Fridman Statement ¶ 16); "that proposal was intentionally and affirmatively changed by SAGA in response to Consist's position" (Fridman Statement ¶ 18) – but neither identifies any objectively manifested intent. After the initial round of negotiations, Fridman did not say or write to SAGA that he intended or still sought that the Agreement be perpetual, and his wordsmithed Statement does not actually say otherwise. Paragraph 18 is particularly telling in this respect: "I did not tell Daly how to

3

word the Agreement; I simply continued to negotiate for a perpetual agreement." Mr. Fridman is thus quite specific in his refusal to identify *how* he "continued to negotiate for a perpetual agreement" and omits any reference to statements or writings that might have actually communicated his intent.

Paragraph 20 also states subjective views: "[w]hen Daly conveyed the signed proposal to me, *I believed* that I now had what was in effect a perpetual agreement. . . . This statement gave Consist the assurance that SAGA had the ability to enter into the 1998 Agreement, which *I viewed* as perpetual . . . ." Fridman Statement ¶ 20. Mr. Fridman's only expression of intent in that paragraph asserts "I requested that SAGA state that it, too, was able to agree to an Agreement which granted Consist the right to distribute and license SAG's products in the Territory." *Id.* That sentence says nothing at all about the term and termination of the Agreement. Paragraph 20 provides no insight into Consist's alleged expressed intent regarding Paragraphs 1 and 7.

Mr. Fridman's unexpressed, subjective intentions and understandings are inadmissible regarding the intent of the parties in the Agreement, and the Court should strike his testimony based upon such unexpressed intent and understandings.

4

Dated: New York, New York
       December 11, 2007

BAKER & McKENZIE LLP

By:   /s James David Jacobs
    James David Jacobs
    Frank M. Gasparo
    Marcella Ballard
    John A. Basinger*
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 626-4100
    *Admitted pro hac vice

Attorneys for Defendants
Software AG, Inc. and Software AG