UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC.,

Plaintiff,

v.

SOFTWARE AG, INC. and SOFTWARE AG,

Defendants;

AND RELATED COUNTERCLAIMS

Case No. 07-CV-7047 (CM)(FM)

**DEFENDANTS SOFTWARE AG, INC. AND SOFTWARE AG'S SUPPLEMENTAL PROPOSED FINDINGS OF FACT AFTER DEC. 12, 2007 BENCH TRIAL**

James David Jacobs
Frank M. Gasparo
Marcella Ballard
John A. Basinger*
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4100
FAX: (212) 310-1600
**Admitted pro hac vice*

## SUPPLEMENTAL FINDINGS OF FACT

**The July 27, 2006 Email**

1. On December 12, 2007 this Court heard testimony from Mr. Fridman (the "Trial Testimony") concerning the interpretation of the parties' January 1, 1998 distributorship agreement (the "Agreement").

2. At trial, Mr. Fridman was confronted with a July 27, 2006 email from one of Consist's employees in the Territory. DX-170. DX-170 is a document in Portuguese which Mr. Fridman was able to read into the record at Trial. *See* Trial Tr. at p. 52-53.

3. DX-170 pre-dates the transmission of Mr. Schaffer's (Consist's lawyer) letter to SAGA in which Consist stated in writing for the first time that the Agreement was automatically renewed and the April 6, 2007 Notice of Termination was defective.

4. The July 2006 email provides, in pertinent part that Consist's "clients are very confused on Consist's role in relation to Software AG. We continue repeating that to date, contractually we have the duty of representing (we will say at the end of 2007 only if there are any questions on that). . .". DX-170.

5. Mr. Fridman was asked by the Court whether that email jogged his memory that at a time before his lawyers had written to SAGA about the April 6, 2006 Notice of Termination (DX-160) his employees telling people – if they were asked – that Consist was the exclusive representative only until the end of 2007. Trial Tr. at p. 54 ll. 10-15.

6. The Court specifically asked Mr. Fridman to answer "yes or no" to the above question. Mr. Fridman, however refused to respond in a "yes or no" manner. Trial Tr. at p. 54 ll. 17-19. First he asked to "explain" the document. *Id.* at p. 54 l. 7. Then

when asked the same question again, Mr. Fridman asked to "clarify" the document. *Id.* at p. 54 l. 17. Finally, when the question was posed the third time, Mr. Fridman testified that "the employees knew when they were for continuation, we have different perceptions but we are trying to negotiate." *Id.* at p. 55 ll. 8-10.

7. Simply put, Mr. Fridman refused to answer a simple "yes or no" question with a straight answer. The Court finds that Mr. Fridman's testimony on this point is not credible.

8. DX-170, the July 2006 email in which his employee states that he is telling Consist's customers that the distributorship will end at the end of 2007 is relevant both to Mr. Fridman's lack of credibility and to the fact that prior to his lawyer's involvement in this matter, Mr. Fridman conceded the position, at least with his employees and customers that the Agreement would end on December 31, 2007 pursuant to the April 6, 2006 Notice of Termination sent by SAGA.

**Fridman's Testimony Concerning His Expressed Intent**

9. On August 10, 2007 Consist's President Natalio Fridman submitted to Defendants, but did not file with the Court, a declaration in support of a motion by Consist for a preliminary injunction (the "Fridman Declaration"). DX-1.

10. Mr. Fridman's Trial Testimony (at p. 37), stated in relevant part that he never used or heard of the word "evergreen" during the negotiations over the Agreement:

> Q. Did you tell Mr. Daly, in these conversations, after
> receiving the August 21 letter, that you wanted a perpetual
> contract; did you tell him to use those words, I want a
> perpetual contract?
> A. Yes.
> Q. **Did you tell him that you wanted an evergreen contract?**
> **A. The word "evergreen" I learn afterwards with my lawyers,**

**that the contract was not perpetual was evergreen.**
**THE COURT: I'm sorry, you?**
**THE WITNESS: I learned the word "evergreen" afterwards when my lawyers told me the contract is not perpetual, it's an evergreen contract.**
Q. Did you, Mr. Fridman, between the August 4 letter and the August 21 letter, tell Mr. Daly that you wanted a perpetual agreement?
A. Yes.
Q. You used the word "perpetual," is that correct?
A. Yes, always. **I didn't know other word.**

11. The position of Consist taken in the Fridman Declaration was exactly contrary to the above quoted Trial Testimony. In his August 2007 Declaration, Mr. Fridman swore that "Consist's Agreement was negotiated and drafted … **as an "evergreen" contract** terminable only at limited times, for specific reasons, with detailed notice requirements – **intentionally**." (DX-1: Fr. Decl. at ¶ 14.)

12. Contrary to his repeated claims in his Trial Testimony that he told Mr. Daly, SAGA's general counsel, that he wanted a "perpetual" agreement, nowhere in the Fridman Declaration does the word "perpetual" appear. *See* DX-1.

13. In contrast to Mr. Fridman's Trial Testimony, the Fridman Declaration repeatedly asserts the Agreement was "intentionally" negotiated to be "evergreen" *i.e.*, terminable only at limited times, for specific reasons, with detailed notice requirements." *See id.* ¶¶ 14, 15 and 25.

14. The Trial Testimony is also flatly inconsistent with Mr. Fridman's prior November 5, 2007 deposition testimony submitted into evidence at the trial which stated on this precise point that he did not "ever" tell SAGA that the 98 Agreement was "evergreen" *on purpose*:

Q. Did you ever tell anyone at SAG,
and that includes SAGA, in sum or substance

that the 98 agreement was an evergreen contract, terminable only at limited times for specific reasons with detailed notice requirements?
A. Again, please.
Q. I'd be happy to. Did you **ever** tell anyone at SAG, and that includes SAGA, in sum or substance that the '98 agreement was an evergreen contract, terminable only at limited times for specific reasons with detailed notice requirements?
**A. Not for the purpose.**
**Q. You did not for a purpose, is that correct?**
**A. I don't for a purpose.** The purpose was first of all I was thinking to make, to work together, always thinking in partnership. Remember we're working with Software AG, C19, the exclusive distributor, C1975. Our name is very, very related to their name, so I didn't want to

77

have any – sue, any legal things, so I want to make agreement with them, okay? I want to agree in substance, okay? That's all. So I never told them, for this reason and for the other reason I don't have to told them. Our company is very, very connected with Software AG in the territory, over now 35 years already.

Nov. 5, 2007 Deposition of Natalio Fridman, P. 76 l. 3 – p. 77 ll. 2-9.

15. Consist also submitted proposed Findings of Fact and Conclusions of Law in this matter that further contradict Mr. Fridman's Trial Testimony. Consist's Proposed Findings state that "Fridman called Daly and told him … that the new agreement **would have to be an "evergreen" – something that SAGA could not terminate at will."** Consist Proposed Findings at ¶ 15.

16. Both the Fridman Witness Statement and Consist's Proposed Findings similarly contradict Mr. Fridman's Trial Testimony in which Mr. Fridman testified that

he "told" Mr. Daly repeatedly that the Agreement must be perpetual throughout the negotiations.

17. In particular in neither paragraph 17 of the Fridman Statement, nor its corresponding paragraph 23 of Consist's Proposed Findings, does Consist take the position that Mr. Fridman "told" Mr. Daly after their initial meeting that the Agreement must be perpetual. *See* Fridman St. ¶ 17; Consist Proposed Findings ¶ 23. Instead, the language in these paragraphs does not set forth any actual *expressed* intent by Mr. Fridman whatsoever.

18. In sum, prior to his Trial Testimony, Mr. Fridman never testified that he told Mr. Daly the Agreement must be perpetual after the first meeting with SAGA over the Agreement.

19. The testimony by Mr. Fridman in his Declaration, his November 5, 2007 deposition, his Witness Statement and his Trial Testimony is directly contradictory and inconsistent. This Court finds that Mr. Fridman is not a credible witness. I do not credit his testimony concerning what he did or did not tell SAGA during the negotiations.

20. I find that after the early August meeting in New York Consist never again expressed its desire for a perpetual agreement.

Dated: New York, New York
December 14, 2007

BAKER & McKENZIE LLP
By: /s James David Jacobs
James David Jacobs
Frank M. Gasparo
Marcella Ballard
John A. Basinger*
1114 Avenue of the Americas
New York, New York 10036
Attorneys for Software AG, Inc. and Defendant Software AG
**Admitted pro hac vice*